NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5001

GLOBE SAVINGS BANK, FSB and
PHOENIX CAPITAL GROUP, INC.,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

_____

DECIDED:  July 20, 2006

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PLAGER, Senior Circuit Judge.

In this Winstar-related case, the United States challenges the United States Court of Federal Claims' award of lost profits to Globe Savings Bank ("Globe").[1]  We agree with the trial court's damages determination in all respects but one.  Accordingly, we affirm-in-part, vacate-in-part, and remand.

After deciding on summary judgment that the Government was liable for breach of contract caused by the enactment of the Financial Institutions Reform, Recovery and

---

[1]  Globe Savings Bank, F.S.B. v. United States, No. 91-1550 C (Fed. Cl. June 17, 2005) (Order for Entry of Final Judgment); Globe Savings Bank, F.S.B. v. United States, 65 Fed. Cl. 330 (2005).

Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), the trial court held a nineteen-day trial on damages. Based on the evidence at trial and additional post-trial calculations submitted by the parties, the trial court determined Globe's lost profits for two periods of time—January 1, 1990, to August 31, 1999, and post-1999. For 1990-1999, the court awarded lost profits in the amount of $20,902,446, the difference between the net revenues Globe would have obtained by implementing its risk-controlled arbitrage investment strategy and a projection of its operating expenses during those years. For the period after 1999, the court awarded lost profits of $13,061,260, the residual value in 1999 of the branches formerly owned by Globe. The trial court also awarded $9,821,505 in incidental damages. After subtracting that same amount from the lost profits award to avoid double-counting, the trial court awarded Globe a total of $33,963,706.

On appeal, the Government challenges the lost profits portion of the damages award.[2] In a well-reasoned opinion, the trial court supports its lost profits determination with a detailed analysis of the evidence presented at trial. We affirm the trial court's damages award in its entirety, with one exception. In 1990, Globe sold six of its seven branches to MidFirst Bank, S.S.B., Oklahoma City ("MidFirst"), and eventually liquidated the final branch. As best we understand the record, the post-1999 lost profits award of $13,061,260, i.e., the residual value of Globe's branches in 1999, should be reduced by the value Globe received from the sale of its branches to MidFirst in 1990 to avoid giving Globe the value for thrifts that it has already recouped. We therefore vacate the trial court's post-1999 lost profits award and remand for either a determination that such

---

[2] The Government expressly states in its brief that it is not appealing the incidental damages award.

an offset is not warranted and an explanation of why that is so, or a recalculation of the

post-1999 lost profits award with that offset.[3]

---

[3] In response to a question asked at oral argument about the value received from the sale of six of its branches to MidFirst in 1990, Globe submitted a post-argument letter of counsel dated July 13, 2006, containing certain information. The value obtained by Globe is a factual matter to be determined on remand if the trial court decides that an offset is appropriate.